JOSEPH SILL *v.* A. BARRIS and another.

APPEAL, by the defendants, from a judgment of the Commercial Court of New Orleans, *Watts*, J.

MORPHY, J. The petitioner claims thirty-one casks of Egyptian cotton seed, in the possession of the defendants, and $300 damages, for the illegal and wrongful detention of his property. Tarbe disclaims having had any thing to do with the property, being, as he alleges, only employed in the store of his co-defendant Barris,

while the latter avers that the cotton seed in his store, was deposited with him on storage by one McRennell, to whom alone he can deliver the same, as he received it from him ; that he is ready and has offered to deliver up the property to McRennell, or to his order, but that plaintiff has never produced such order ; that McRennell, is indebted to him in the sum of $200 for goods purchased, and for storage, which goods he (Barris,) let him have on account of the seed, which was on storage, &c. There was a judgment below in favor of the plaintiff for the property claimed, and for $100 as damages.

It appears from the evidence, that the plaintiff having received from abroad, thirty-seven casks of Egyptian cotton seed, requested McRennell to store and sell it for him, that McRennell, who was in the employ of Tarbe, writing for him as a temporary clerk, applied to the latter for permission to put the cotton seed in the store, which Tarbe, after consulting Barris, agreed to let him do, and that plaintiff gave Tarbe and McRennell his instructions as to the manner of selling the goods. It further appears, that Tarbe was connected with Barris as a partner ; that both their names were at the door, although on different signs ; and that Tarbe conducted the whole business of the store. We concur in opinion with the inferior Judge, that the whole defence is one trumped up with a view to hold the property, which the defendants well knew belonged to the plaintiff, for the payment of the debt they allege to be due to them by McRennell ; but there is not the slightest evidence of any damage having been suffered by the plaintiff, whose property had been in the store of the defendants only a few weeks, when it was sequestered.

It is therefore ordered, that the judgment of the Commercial Court be affirmed, except that part of it which decrees the defendants to pay damages, which is hereby reversed ; the plaintiff and appellee to pay the cost of this appeal.

*L. C. Duncan*, for the plaintiff.

*F. B. Conrad*, for the appellants.